UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VERIZON ONLINE LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>BRANDYWINE COMMUNICATIONS TECHNOLOGIES, LLC,<br><br>  Defendant. | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Verizon Online LLC ("Verizon"), through the undersigned attorneys, alleges the following for its Complaint against Defendant Brandywine Communications Technologies, LLC ("Brandywine"):

## NATURE OF THE ACTION

1. This is an action seeking a declaration that (1) Verizon is licensed to practice U.S. Patent Nos. 5,206,854 ("the '854 patent"), 5,251,328 ("the '328 patent"), and 5,444,704 ("the '704 patent") (collectively "the patents-in-suit"); (2) Verizon does not infringe the patents-in-suit by practicing ITU standards for xDSL technology by selling, offering to sell, making, using or importing services that implement one or more of the ITU xDSL standards; and (3) that the patents-in-suit are invalid under one or more sections of 35 U.S.C. §§ 100, *et seq.*.

## THE PARTIES

2. Verizon Online LLC is a limited liability corporation incorporated in Delaware. Verizon Online LLC has a principal place of business at 22001 Loudoun County Parkway, Ashburn, Virginia 20147, and is qualified to do business in the Commonwealth of Pennsylvania. Verizon

Online LLC offers services such as Verizon High Speed Internet ("HSI") to the public in certain geographical areas of the United States.

3.      On information and belief, Brandywine is a Delaware corporation with its principal place of business at 1612 Mt. Pleasant Road, Villanova, Pennsylvania 19085. On information and belief, Brandywine is a patent holding company that is in the business of enforcing patent rights through the filing of various lawsuits.

## JURISDICTION AND VENUE

4.      This declaratory judgment claim arises under the United States Patent Laws, 35 U.S.C. §§ 100, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a). As set forth further below, this matter presents an actual case or controversy and serves the purpose of resolving the legal rights of the parties.

5.      This Court has personal jurisdiction over Brandywine because Brandywine has maintained continuous and systematic contacts with the Commonwealth of Pennsylvania, and Brandywine has purposefully availed itself of the benefits and protections of the laws of the Commonwealth of Pennsylvania, by *inter alia,* having its principal place of business in this jurisdiction and the fact that Brandywine shares a location with John T. Meli, Jr., who is, on information and belief, the sole shareholder and director of Brandywine.

6.      There is an actual and justiciable controversy between Verizon and Brandywine. Specifically, Brandywine filed a complaint against Verizon Communications Inc. ("VCI") in the United States District Court for the Middle District of Florida on or about August 12, 2011. That case is styled *Brandywine Communications Technologies, LLC v. Verizon Communications, Inc., et al.*, No. 6:11-cv-001344-CEH-DAB and is currently pending. In its Complaint in that case,

Brandywine alleged that VCI is infringing seven patents, including the '854, '328, and '704 patents, through its provision of Verizon High Speed Internet Service. Because VCI is a holding company that does not offer any services to the public, and otherwise has no substantial connections with the State of Florida, VCI has moved to dismiss that litigation for lack of personal jurisdiction, and that motion to dismiss is currently pending.

7. Brandywine has asserted to VCI that Verizon's alleged use of certain xDSL standards infringed the patents-in-suit because Verizon allegedly follows ITU standards such as G.991.1, G.991.2, G.992.1, G.992.2, G.993.2, G.994.1, and G.997.1. Brandywine demanded that Verizon pay Brandywine a royalty for what Brandywine perceived as an infringement of each of the seven patents, including the '854, '328, and '704 patents.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## COUNT I
### (Declaratory Judgment of License to the '854 Patent)

9. Verizon incorporates and realleges the preceding paragraphs as if set forth fully herein.

10. Effective January 1, 1989, Bell Atlantic Corp. entered into a cross-license agreement with American Telephone and Telegraph Co. ("AT&T") which resulted in a license to the '854 patent.

11. Specifically, the patent license agreement provided to Bell Atlantic a license to certain patent rights based on patents that were filed with five years of the effective date of the agreement. The '854 patent was filed within that five year period and is therefore covered by the license. The licensed patent rights were licensed for the full portion of the unexpired term of each licensed patent.

12. On information and belief, the individuals named as inventors on the '854 patent assigned their patent rights to AT&T in September 1991. According to the face of the '854 patent, it was issued in the name of AT&T Bell Laboratories on April 27, 1993.

13. The license further extended to any subsidiaries of Bell Atlantic, whether the subsidiary existed at that time that the agreement was made, or at some time in the future. In 2000, Bell Atlantic merged with GTE Corp. and changed the name of its parent company to Verizon Communications Inc.

14. By virtue of this cross-license agreement, Verizon has a license to practice the '854 patent.

15. Therefore, Verizon is entitled to a declaratory judgment that it is licensed to practice the '854 patent.

## COUNT II
### (Declaratory Judgment of No Infringement of the '854 Patent)

16. Verizon incorporates and realleges the preceding paragraphs as if set forth fully herein.

17. Notwithstanding Brandywine's actual or implicit claim that the '854 patent is essential to practicing one or more of the ITU standards related to xDSL technology, Verizon does not infringe any claim of the '854 patent, directly or indirectly, by providing services on xDSL networks pursuant to one or more of the following standards: G.991.1, G.991.2, G.992.1, G.992.2, G.993.2, G.994.1, and G.997.1.

18. Therefore, Verizon is entitled to a declaratory judgment that it does not infringe any claim of the '854 patent.

## COUNT III
### (Declaratory Judgment of Invalidity of the '854 Patent)

19. Verizon incorporates and realleges the preceding paragraphs as if set forth fully herein.

20. Each of the claims of the '854 patent is invalid under Title 35 of the United States Code, including 35 U.S.C. §§ 102, 103, and/or 112.

21. Therefore, Verizon is entitled to a declaration that the claims of the '854 patent are invalid.

## COUNT IV
### (Declaratory Judgment of License to the '328 Patent)

22.     Verizon incorporates and realleges the preceding paragraphs as if set forth fully herein.

23.     Effective January 1, 1989, Bell Atlantic Corp. entered into a cross-license agreement with American Telephone and Telegraph Co. ("AT&T") which resulted in a license to the '328 patent.

24.     Specifically, the patent license agreement provided to Bell Atlantic a license to certain patent rights based on patents that were filed with five years of the effective date. The '328 patent was filed within that period and is therefore covered by the license. The licensed patent rights were licensed for the full portion of the unexpired term of each licensed patent.

25.     On information and belief, the individuals named as inventors on the '328 patent assigned their patent rights to AT&T Corp. in or about December 1990. According to the face of the '328 patent, it was issued in the name of AT&T Bell Laboratories on October 5, 1993.

26.     The license further extended to any subsidiaries of Bell Atlantic, whether the subsidiary existed at that time or at some time in the future. In or about the year 2000, Bell Atlantic merged with GTE Corp. and changed its name to Verizon Communications Inc.

27.     By virtue of this cross-license agreement, Verizon has a license to practice the '328 patent.

28.     Therefore, Verizon is entitled to a declaratory judgment that it is licensed to practice the '328 patent.

## COUNT V
### (Declaratory Judgment of No Infringement of the '328 Patent)

29.     Verizon incorporates and realleges the preceding paragraphs as if set forth fully herein.

30.     Notwithstanding Brandywine's actual or implicit claim that the '328 patent is essential to practicing one or more of the ITU standards related to xDSL technology, Verizon does not infringe any claim of the '328 patent, directly or indirectly, by providing services on xDSL

networks pursuant to one or more of the following standards: G.991.1, G.991.2, G.992.1, G.992.2, G.993.2, G.994.1, and G.997.1.

31. Therefore, Verizon is entitled to a declaratory judgment that it does not infringe any claim of the '328 patent.

## COUNT VI
### (Declaratory Judgment of Invalidity of the '328 Patent)

32. Verizon incorporates and realleges the preceding paragraphs as if set forth fully herein.

33. Each of the claims of the '328 patent is invalid under Title 35 of the United States Code, including 35 U.S.C. §§ 102, 103, and/or 112.

34. Therefore, Verizon is entitled to a declaration the claims of the '328 patent are invalid.

## COUNT VII
### (Declaratory Judgment of License to the '704 Patent)

35. Verizon incorporates and realleges the preceding paragraphs as if set forth fully herein.

36. Effective January 1, 1989, Bell Atlantic Corp. entered into a cross-license agreement with American Telephone and Telegraph Co. ("AT&T") which resulted in a license to the '704 patent.

37. Specifically, the patent license agreement provided to Bell Atlantic a license to certain patent rights based on patents that were filed with five years of the effective date. The '704 patent was filed within that period and is therefore covered by the license. The licensed patent rights were licensed for the full portion of the unexpired term of each licensed patent.

38. On information and belief, the individuals named as inventors on the '704 patent assigned their patent rights to AT&T in August 1991. According to the face of the '704 patent, it was issued in the name of AT&T Corp. on August 12, 1991.

39. The license further extended to any subsidiaries of Bell Atlantic, whether the subsidiary existed at that time or at some time in the future. In or about the year 2000, Bell Atlantic merged with GTE Corp. and changed its name to Verizon Communications Inc.

40.     By virtue of this cross-license agreement, Verizon has a license to practice the '704 patent.

41.     Therefore, Verizon is entitled to a declaratory judgment that it is licensed to practice the '704 patent.

## COUNT VIII
### (Declaratory Judgment of No Infringement of the '704 Patent)

42.     Verizon incorporates and realleges the preceding paragraphs as if set forth fully herein.

43.     Notwithstanding Brandywine's actual or implicit claim that the '704 patent is essential to practicing one or more of the ITU standards related to xDSL technology, Verizon does not infringe any claim of the '704 patent, directly or indirectly, by providing services on xDSL networks pursuant to one or more of the following standards: G.991.1, G.991.2, G.992.1, G.992.2, G.993.2, G.994.1, and G.997.1.

44.     Therefore, Verizon is entitled to a declaratory judgment that it does not infringe any claim of the '704 patent.

## COUNT IX
### (Declaratory Judgment of Invalidity of the '704 Patent)

45.     Verizon incorporates and realleges the preceding paragraphs as if set forth fully herein.

46.     Each of the claims of the '704 patent is invalid under Title 35 of the United States Code, including 35 U.S.C. §§ 102, 103, and/or 112.

47.     Therefore, Verizon is entitled to a declaration the claims of the '704 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Verizon respectfully requests that this Court enter judgment in its favor as follows:

A.      declare that Verizon is licensed to practice the '854, '328, or '704 patents;

B.     declare that Verizon has not directly infringed any claim of the '854, '328, or '704 patents;

C.     declare that Verizon has not induced infringement of any claim of the '854, '328, or '704 patents;

D.     declare that Verizon has not contributorily infringed any claim of the '854, '328, or '704 patents;

E.     declare that the claims of the '854, '328 and '704 patents are invalid;

F.     award Verizon its costs and expenses in connection with this lawsuit; and

G.     award Verizon any further and additional relief that this Court deems just and proper.

Dated: February 13, 2012            WINSTON & STRAWN LLP

By: _____
Kevin A. Keeling
PA Bar No. 92075
WINSTON & STRAWN LLP
1111 Louisiana, 25th Floor
Houston, TX 77002-5242
Tel: (713) 651-2600
Fax: (713) 651-2700

Charles B. Molster, III
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 282-5988
Fax: (202) 282-5100
cmolster@winston.com

Andrew R. Sommer
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 282-5896
Fax: (202) 282-5100
asommer@winston.com